IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

———————————————

| | | |
|---|---|---|
| KELLY GENE PARANTEAU, | ) | Cause No. CV 10-18-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS OF |
| MIKE MAHONEY; ATTORNEY | ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

———————————————

On March 25, 2010, Petitioner Kelly Paranteau filed this action

seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is a

state prisoner proceeding pro se.

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

## II. Background

A jury convicted Petitioner of criminal distribution of dangerous drugs.  Pet. (doc. 1) at 2-3 ¶¶ 1-6.  The Montana Supreme Court affirmed his conviction on appeal. State v. Paranteau, No. DA 08-0422 (Mont. June 9, 2009) (unpublished).

Petitioner timely filed his federal petition on March 25, 2010.  28 U.S.C. § 2244(d)(1); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

## III. Petitioner's Allegations

Petitioner asserts violations of his Sixth Amendment right to a

speedy trial and his Fifth Amendment privilege against self-incrimination. Pet. at 4-5 ¶¶ 15A-B.  He also alleges that the Montana Supreme Court violated his right to due process by failing to apply a 2008 decision to his case.  Id. at 7 ¶ 15C.  Each of his claims relies on the briefs filed in his direct appeal.

## IV. Analysis

Although one or more claims may be procedurally defaulted, the case is most efficiently addressed on the merits.  E.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

### A. Speedy Trial

"[T]he right to a speedy trial is a more vague concept than other procedural rights.  It is . . . impossible to determine with precision when the right has been denied."  Barker v. Wingo, 407 U.S. 514, 521 (1972). Federal law does not specify the time at which trial must commence. Courts consider the conduct of both the prosecution and the defense and employ a balancing test weighing the length of the delay between charge

or arrest and trial, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether he was prejudiced as a result of the delay.  Id. at 530.

The trial court's findings of fact are presumed correct because they are not rebutted.  28 U.S.C. § 2254(e)(1).  Petitioner was arrested on May 21, 2007.  Trial began 399 days later, on June 23, 2008.  The trial court attributed 289 days of the delay to the State and 113 days to Petitioner (totaling 402 days).  Both parties' delays, see Order at 4-5 ¶¶ 9-10, Paranteau, No. DA 08-0422, were consistent with "the ordinary procedures for criminal prosecution," which are "designed to move at a deliberate pace," United States v. Ewell, 383 U.S. 116, 120 (1966), quoted in Barker, 407 U.S. at 521 n.15.  They did not weigh heavily against either party. Petitioner objected to the last continuance of the trial date and filed his motion to dismiss 42 days before trial, so the third factor weighed slightly in his favor.  Order at 5 ¶ 10, Paranteau, No. DA 08-0422.

Where the parties share responsibility for delay, and where the State's delay is not exploitive or even negligent, a petitioner must show relatively more substantial evidence of prejudice.   United States v.

<u>Mendoza</u>, 530 F.3d 758, 764 (9th Cir. 2008) (citing <u>United States v. Shell</u>, 974 F.2d 1035, 1036 (9th Cir. 1992), and <u>McNeely v. Blanas</u>, 336 F.3d 822, 831 (9th Cir. 2003)).  The Montana Supreme Court did not consider the Supreme Court's observation that pretrial detention is inherently prejudicial.  <u>Barker</u>, 407 U.S. at 532-33.  Nonetheless, Petitioner showed no trial prejudice.

The length of and reasons for the delay, considered with the relatively slight prejudice to Petitioner resulting from his pretrial detention, do not rise to the level of a constitutional violation.  This claim should be denied.

## B. Coerced Confession

The following discussion construes the facts set forth in the appellate briefs and opinion in the light most favorable to Petitioner.

On April 20, 2007, seven warrants were pending for Petitioner's arrest.  Order at 6 ¶ 13, <u>Paranteau</u> 08-422.  He was arrested at a gas station, handcuffed, and placed in a patrol car.  Three officers told him that he would go to jail unless he cooperated with them.  Appellant Br. at

4.[1]  The only question he was asked at that point was whether he was willing to cooperate.  Respondent Br. at 5.  Petitioner asserted that he asked to speak to an attorney, but the trial court found he did not.  Order at 6 ¶ 13, <u>Paranteau</u> 08-422.

At the station house, Petitioner was again told, before the <u>Miranda</u> warning, "if he spoke with [the officers] he would not go to jail."  Petitioner also asserted, on appeal, that he "made several admissions" before the officers gave him a <u>Miranda</u> warning.  Detective Edwards testified that, as a matter of policy, drug suspects were not advised of their <u>Miranda</u> rights unless they agreed to cooperate.  If they did not agree to cooperate, they went to jail.  If they invoked their right to counsel, they went to jail.  Appellant Br. at 5.

Two things must coincide to entitle a suspect to a <u>Miranda</u> warning: custody and interrogation.  <u>Miranda v. Arizona</u>, 384 U.S. 436, 467 (1966).  Officers are not required to give a <u>Miranda</u> warning immediately upon arrest.  Petitioner did not say he was asked any questions – other than

---

[1]  The briefs filed in the Montana Supreme Court are available on its website.

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 6

whether he would cooperate – before the officers gave him the warning. Giving a <u>Miranda</u> warning before beginning "in-custody interrogation of persons suspected or accused of crime" is precisely what dispels the "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." <u>Id.</u> Petitioner's pre-<u>Miranda</u> statements were not unconstitutionally obtained.

Further, Petitioner's implication that there was something improper in the usual practice of sending suspects to jail if they invoked their right to counsel has no bearing on his case. Petitioner did not say he cooperated without counsel because he was not allowed to consult with counsel; on the contrary, he claimed he requested counsel.

The officers complied with <u>Miranda</u> and did nothing that could have overwhelmed Petitioner's will. "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary.'" <u>Colorado v. Connelly</u>, 479 U.S. 157, 167 (1986). Here, there was none. This claim should be denied.

## C. Retroactive Application of Intervening Precedent

Petitioner relies on <u>Teague v. Lane</u>, 489 U.S. 288 (1989), to assert deprivation of due process because the Montana Supreme Court did not retroactively apply to his case the rule of <u>State v. Goetz</u>, 191 P.3d 489 (Mont. 2008) (requiring warrant to authorize electronic monitoring of suspect's conversations with informant).  <u>Teague</u> limits federal courts' power to award habeas relief to state prisoners.  <u>Danforth v. Minnesota</u>, 552 U.S. 264, 281 (2008).  It has no bearing on cases on direct review in the state courts.

Petitioner is not correct that retroactivity extends to cases where, as here, the issue was not properly preserved for appeal.  The Montana Supreme Court is not required to recognize and address errors that were not objected to at trial.  <u>E.g.</u>, <u>State v. Carter</u>, 114 P.3d 1001, 1002-05 ¶¶ 8-19 (Mont. 2005) (retroactively applying <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), where defendant objected at trial to testimony in question, though on different legal ground).

Petitioner appealed the trial court's denial of his motion to suppress the statements he made following his arrest.  He did not object to the

State's use of evidence obtained from the informant's wire.  Appellee Br.

at 8.  Legal grounds for such an objection were available.  <u>Goetz</u>, 191 P.3d

at 494 ¶ 11 (noting conflict between rulings in <u>State v. Solis</u>, 693 P.2d 518

(Mont. 1984), and <u>State v. Brown</u>, 755 P.2d 1364 (Mont. 1988)); <u>see also</u>

<u>State v. Hardaway</u>, 36 P.3d 900, 913 ¶ 51 (Mont. 2001).  This claim should

be denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant."  Rule 11(a), Rules

Governing § 2254 Cases.

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has

made a substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c); <u>Hohn v. United States</u>, 524 U.S. 236 (1998); <u>Lambright</u>

<u>v. Stewart</u>, 220 F.3d 1022, 1024 (9th Cir. 2000).  Petitioner "must

demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," <u>Slack v.</u>

<u>McDaniel</u>, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate

to deserve encouragement to proceed further,'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

## B. Discussion

Petitioner's showings on his three claims of constitutional violations are insubstantial.  He was tried a year and a month after he was charged, he shared some responsibility for the delay, the State's delay was not exploitive or even negligent but merely institutional, and Petitioner showed only slight prejudice from pretrial incarceration.  This is not enough to meet the standard even for issuance of a COA, much less success on the claim.   Petitioner's claim that his statements were involuntary is predicated on a misunderstanding of what <u>Miranda</u> requires.  None of the circumstances surrounding Petitioner's arrest and interview were any more coercive than any other arrest and interview, and the officers fully complied with <u>Miranda</u>.   Finally, Petitioner failed to object at trial to admission of evidence later ruled inadmissible in a separate case by the Montana Supreme Court on state-law grounds. Therefore, the court was not required to extend to Petitioner the benefit of its later ruling.

There is no reason to encourage further proceedings.  A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.  The Petition (doc. 1) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.   Failure to timely file written

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 11

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of April, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 12