

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KELLY GENE PARANTEAU,<br><br>Petitioner,<br><br>vs.<br><br>MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | No. CV-10-18-GF-SEH<br><br>**ORDER** |

United States Magistrate Judge Keith Strong entered Findings and Recommendations[1] on April 8, 2010. Petitioner filed Objections[2] and a Motion to Appoint Counsel[3] on April 29, 2010.

---

[1] Document No. 5.

[2] Document No. 6.

[3] Document No. 7.

-1-

## FINDINGS AND RECOMMENDATIONS

The Court reviews *de novo* findings and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). Upon *de novo* review of the record, I find no error in Judge Strong's Findings and Recommendations and adopt them in full.

## MOTION TO APPOINT COUNSEL

An indigent petitioner is entitled to counsel if the Court authorizes discovery and counsel is necessary for the effective use of discovery, see Rules Governing Section 2254 Cases Rule 6(a), or if an evidentiary hearing is warranted, see id. Rule 8(c). A district court must also appoint counsel "when the case is so complex that due process violations will occur absent the presence of counsel." Bonin v. Vasquez, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). "[W]hen a district court properly declines to hold an evidentiary hearing, the court's denial of a motion to appoint counsel at government expense does not amount to a denial of due process." Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986) (per curiam) (considering district court's obligation to liberally construe pro se

documents and nature of habeas review, where attorney skill in developing evidence is "largely superfluous").

This Court has discretion to appoint counsel at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, neither discovery nor an evidentiary hearing is warranted. The case can and should be disposed of on legal grounds. Petitioner is not entitled to counsel. Additionally, because Petitioner cannot succeed on the merits and because the issues are not unusually complex, the Court declines to exercise its discretion to appoint counsel. A prisoner has no constitutional right to an attorney during a habeas proceeding. See Ortiz v. Stewart, 149 F.3d 923, 932 (1998)

ORDERED:

1. The Petition[4] is DISMISSED.

2. Petitioner's Motion to Appoint Counsel[5] is DENIED.

3. A certificate of appealability is DENIED.

---

[4]Document No. 1.

[5]Document No. 7.

4. The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents and against Petitioner.

DATED this <u>1st</u> day of July, 2010.

*signature*

SAM E. HADDON  
United States District Judge